UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE WALSH,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SEAN J. STACKLEY, et al.,<br><br>　　　　　Defendants. | Case No.: 3:14-cv-00482-L-BLM<br><br>**ORDER GRANTING DEFENDANTS' MOTION [Doc. 81] IN LIMINE AND VACATING MOTION HEARING** |

Pending before the Court is Defendants' motion in limine seeking to exclude testimony regarding Jon Kochersberger ("Kochersberger") undergoing a vasectomy and allegedly viewing pornography on his home computer. By way of background, this is a Title VII case alleging, *inter alia*, gender discrimination and creation of a hostile work environment through gender based harassment. Plaintiff Diane Walsh ("Walsh") alleges that, while serving as a civilian employee in the Environmental Division of Marine Corps Air Station Camp Pendleton, she suffered discrimination and harassment based on her gender.

Of relevance to the present motion, Walsh alleges that Kochersberger, who was her direct supervisor, participated in this discrimination and harassment by unlawfully detaining her in his office for some unspecified period of time. Per Walsh, Kochersberger attempted to make her provide documentation on a specific environmental

project even though Walsh felt she would be violating environmental regulations by doing so. Walsh testifies that she responded to Kochersberger by stating "you might as well kill me now." Under Walsh's version of the story, Kochersberger then prevented her from leaving his office and told her he was going to take her to the hospital.

Prior to this alleged unlawful detention, Walsh and Kochersberger had a discussion about various personal issues they were dealing with. During this conversation, Kochersberger allegedly told Walsh that his wife discovered that he had viewed pornography on their home computer. Kochersberger also allegedly told Walsh that his wife's discovery contributed to marital problems and led his wife to insist that he undergo a vasectomy.[1] Walsh intends to introduce evidence of these discussions at trial. Defendant moves to exclude such evidence, arguing that it is inadmissible pursuant to Federal Rule of Evidence 403.[2]

Federal Rule of Evidence 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403(b). Defendants argue that, even if Kochersberger's vasectomy or home viewing of pornography was relevant, such relevance is substantially outweighed by the danger of unfair prejudice.

Walsh opposes this argument. Walsh's opposition focuses almost exclusively on the relevance inquiry and fails to address the issue of unfair prejudice. As to her Title VII gender discrimination claim, Walsh contends that evidence of Kochersberger's wife discovering pornography and then encouraging him to undergo a vasectomy may imply

---

[1] Kochersberger disputes any relationship between his wife's discovery of pornography and his decision to undergo a vasectomy.

[2] Defendants also argue this evidence is inadmissible under Federal Rules of Evidence 404, 608, and 611. Having found the evidence inadmissible under Rule 403, the Court need not consider whether it would also be inadmissible pursuant to other rules.

2

3:14-cv-00482-L-BLM

that Kochersberger harbors an animosity towards women. Thus, Walsh argues that the evidence at issue here suggests that, when Kochersberger momentarily detained Walsh after she said "you might as well kill me now", his true motive was to discriminate against her because of her gender rather than his stated intention of preventing her from hurting herself.

Walsh fails to cite any authority to support this argument, and the Court finds it rather unpersuasive. Granted, it is not beyond feasibility that Kochersberger might have been upset if his wife pressured him into undergoing a vasectomy he did not want. However, the leap from any such feelings between Kochersberger and his wife and a generalized animus towards *all women* seems a bit far-fetched. Accordingly, the Court finds that Walsh's proffered evidence carries, at best, minimal relevance as to her Title VII discrimination claim. Further, a vasectomy is a highly personal operation undertaken for purposes of birth control, and the great potential for evidence of pornography consumption to generate juror disgust and antagonism is beyond reasonable dispute. *See United States v. Harvey*, 991 F.2d 981, 996 (2nd Cir. 1993). For these reasons, the Court finds that the probative value of this evidence to Walsh's discrimination claim is substantially outweighed by the danger of unfair prejudice and Rule 403 prohibits its admission.

As to her hostile work environment claim, Walsh argues this evidence is relevant to establishing that she reasonably perceived her alleged detention as contributing to a sexually hostile work environment. To sustain a Title VII hostile work environment claim based on sex, a plaintiff must prove that (1) she was subjected to slurs, insults, jokes, or other verbal comments or physical contact or intimidation *of a sexual nature*; (2) this conduct was unwelcome; (3) this conduct was sufficiently pervasive or severe to create a sexually abusive or hostile work environment; (4) plaintiff perceived the environment as hostile; and (5) this perception was objectively reasonable. *Fuller v. City of Oakland, Cal.*, 47 F.3d 1522, 1527 (9th Cir. 1995). Because the alleged detention of Walsh was not "a slur, insult, joke, or other verbal comment or physical contact or

intimidation *of a sexual nature*", it seems rather clear that the detention lacks any relevance to Walsh's sexually hostile work environment claim. Even assuming for purposes of argument that this alleged detention could somehow be construed as conduct of a sexual nature, the risk of unfair prejudice would substantially outweigh the evidence's probative value for the same reasons discussed above in connection with the discrimination claim. Accordingly, the Court finds that Rule 403 prohibits the introduction of this evidence as to the hostile work environment claim.

For the foregoing reasons, the Court **GRANTS** Defendants' motion. Plaintiff is ordered not to introduce any evidence concerning (1) Kochersberger's vasectomy; or (2) any pornography Kochersberger may have viewed in the privacy of his home. The hearing on this motion previously set for June 8, 2017 at 10:00 a.m. is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: June 5, 2017

_____
Hon. M. James Lorenz
United States District Judge